IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TORRANCE JONES, | ) |
| Petitioner, | ) ) ) |
| vs. | )  CIVIL NO. 07-cv-673-WDS ) |
| W. A. SHERROD, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241, seeking restoration of 14 days of good conduct credit.

### FACTS ALLEGED

Petitioner states that prior to the incident in question, he had experienced some animosity directed towards him by Officer Loftus. Upon his request, he was transferred to a work crew supervised by another officer but later, to his dismay, he was reassigned to Loftus's crew. On August 31, 2006, Loftus ordered Petitioner to perform a heavy-lifting task, despite a medical condition that prohibited Petitioner from such an undertaking. When Petitioner refused to perform the task, Loftus sent him to the lieutenant's office. The lieutenant then directed Petitioner to the SHU, where he was followed by Loftus. Petitioner alleges that Loftus pushed him against a wall and pinned him with his forearm against Petitioner's throat, thus cutting off his breathing. Apparently Petitioner attempted to push Loftus away, thus leading to charges of assault and

disobeying an order of a staff member.

Petitioner was taken to the SHU, and issued an Administrative Detention Order. He received a disciplinary incident report on September 13, 2006, and his hearing was convened on September 20. However, that hearing was continued for a week, and on October 23, 2006, the DHO found Petitioner guilty of both charges; as a result, 14 days of good conduct credit was revoked.

**ANALYSIS**

Under 18 U.S.C. § 4161, a federal prisoner has the right to have his sentence reduced for good conduct in prison. This right is a protected liberty interest, and any deprivation must comport with due process requirements. *Waletski v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994). A habeas action pursuant to 28 U.S.C. § 2241 is available to raise due process claims based on the forfeiture of good time credits. *Id.*

The Supreme Court has held that "[w]here a prison disciplinary hearing may result in the loss of good time credits, ... the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity ... to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

In this action, Petitioner contends that the disciplinary hearing violated his rights to procedural due process. Specifically, he alleges that (1) he was not provided with timely notice of the charges against him or a timely hearing, (2) he is innocent of the charges, (3) he was not allowed to provide exculpatory evidence, (4) he was not permitted to call one of his requested witnesses, (5) he was not allowed to present evidence of self-defense, and (6) he was not provided with

advance notice of evidence to be used against him, thus precluding him from preparing an appropriate defense.

From the exhibits provided with the petition, it appears that Petitioner has exhausted his administrative remedies with respect to this disciplinary proceeding. Therefore, the Court is unable to dismiss this action at this point in the litigation. *See* Rules 1(b), 4 of the Rules Governing Section 2254 Cases in United States District Courts.

**MOTION TO APPOINT COUNSEL (DOC. 3)**

While civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under § 2254. Appointment of counsel for a habeas petitioner is within the district court's discretion and is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Petitioner has attempted to obtain counsel or been effectively precluded from doing so.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Petitioner's claims are not that factually complex, as described above. From a legal standpoint, the litigation of any constitutional claim falls in the range of

complex. Nevertheless, based on Petitioner's pleadings in this case, the Court concludes that - at this time - Petitioner appears to be competent to litigate his case. Therefore, Petitioner's motion for the appointment of counsel is **DENIED**, without prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED: August 25, 2008.**

                              **s/ WILLIAM D. STIEHL**
                                  **DISTRICT JUDGE**